**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHAL DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC | ) | |
|     Plaintiff, | ) | |
|     v. | ) | Civil Action No. 2:16-CV-00701-RWS |
| MEDIA SCIENCE INCORPORATED | ) | |
|     Defendant | ) | |

**<u>MOTIONS TO DISMISS UNDER RULE 12b OR TO TRANSFER,
AND MEMORANDUM IN SUPPORT THEREOF</u>**

# TABLE OF CONTENTS

I.  Introduction. ............................................................................................................................... 1

II.  Statement of the Issues. ......................................................................................................... 4

III.  Statement of the Facts. .......................................................................................................... 5

IV.  ARGUMENT ........................................................................................................................... 8

   A. The Complaint Should Be Dismissed Under Rule 12(b)(6) Because It Fails to Properly

      Plead a Claim of Infringement and thus Fails to State a Claim on Which Relief can be

      Granted. ..................................................................................................................................... 8

        1.  Complaint Fails to State a Claim for Direct Infringement .................................... 10

        2.  The Complaint Fails to State a Plausible Claim for Indirect Infringement. ......... 12

        3.  Conclusion ................................................................................................................ 15

   B. There is no Personal Jurisdiction over the Defendant ...................................................... 15

   C. The Case Should Be Transferred Under 28 U.S.C. §1404 ............................................... 17

V.  Conclusion ............................................................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Amsted Industries Inc. v. Buckeye Steel Castings Co.*,

   24 F.3d 178 (Fed Cir. 1994) ................................................................................. 2

*Asahi Metal Industry Co. v. Superior Court*,

   480 U.S. 102 (1987) .......................................................................................... 17

*Ashcroft v. Iqbul*,

   556 U.S. 662 (2009) .......................................................................................... 10

*Bell Atl. Corp v. Twombly*,

   127 S. Ct. 1955, 1964 ....................................................................................... 10

*Bell Atlantic Corp. v. Twombly*,

   550 U.S. 544 (2007) ............................................................................................ 9

*Blue Spike LLC v. Texas Instruments, Inc.*,

   Case No. 6:12-cv-499, Dkt. No. 1646 (E.D. Tex. July 22, 2014) ........................... 13

*Burnam v. Superior Court*,

   495 U.S. 604 (1990) .......................................................................................... 16

*Bush Seismic Technologies, LLC v. American Gem Society*,

   Case NO. 2:15-cv-1809-JRG, Dkt No. 44 at 4 (E.D. Tex. April 13, 2016) .......... 3, 14

*Cellular Communs Equip. LLC v. HTC Corp.*,

   No. 6-13-ev-507, 2015 U.S. Dist. LEXIS 179461, at 28 E.D. Tex. Mar. 27, 2015 ......... 15

*Commil USA, LLC. v. Cisco Sys.*,

   135 S.Ct. 1920. 1926 (2015) ........................................................................... 13, 14

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,

   6:14-CV-752-JRG-JDL, 2015 U.S. Dist. LEXIS 107354 at 13 (E. D. Tex. July 15, 2015) ..... 14

*Dunlap v. Schofield*,

   152 U.S. 244 (1894) ............................................................................................ 2

*Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of N. Am. Inc.*,

   no. 6:11-cv-34 LED-JDL, 2011 U.S. Dist. LEXUS 155952 at 11 (E.D. Tex. Sep. 29, 2011).. 11

*Global-Tech Appliances, Inc. v. SEB SA*,

   131 S.Ct.2060, 2011 (S. Ct. 2011) ...................................................................... 14

*In re Bill of Lading*,

    681 F.3d at 1333 ................................................................................................... 13

*In re Bill of Lading*,

    681 F.3d at 1339 (Fed. Cir 2012) ....................................................................... 12

*International Shoe Co. v Washington*,

    326 U.S. 310 (1945) ........................................................................................... 15

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,

    134 S. Ct. 2111 (2014) ....................................................................................... 13

*McZeal v. Sprint Nextel Corp*,

    501 F3d. 1354, 1355 - 56 (Fed. Cir. 2007) ........................................................... 8

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*,

    575 F.2d 1152 (Fed. Cir. 1978) ............................................................................ 1

*Pennoyer v. Neff*,

    95 U.S. 714 (1877) ............................................................................................. 15

*Rite-Hite Corp. v. Kelley Co*,

    56 F.3rd 1538, 1548 (Fed. Cir. 1995) ................................................................... 7

*Ruby Sands LLC v. Am. Nat'l Bank of Tex,*

    No. 2:15-cv-1955-JRG, 2016 U.S. Dist. LEXUS 83897 at 7 (E.D. Tex. June 28, 2016) ......... 10

*World-Wide Volkswagen Corp. v. Woodsen*,

    444 U.S. 286 (1980) ........................................................................................... 17

**Statutes**

28 U.S.C. §1404 ....................................................................................... 1, 17, 18

35 U.S.C §282(b)(1) ......................................................................................... 5

35 U.S.C §286 .................................................................................................. 5

35 U.S.C. §154 ................................................................................................. 5

35 U.S.C. §271 ......................................................................................... passim

35 U.S.C. §271(a) ............................................................................................ 2

35 U.S.C. §271(b) ........................................................................................... 11

35 U.S.C. §287 ................................................................................................ 2

**Rules**

Fed. R. Civ. P. 12(b)(2) ............................................................................................. 1, 15, 17, 18

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 18

Fed. R. Civ. P. 8(a) .................................................................................................................... 8

Fed. R. Civ. P. 8(f) ..................................................................................................................... 8

Fed. R. Civ. P. 84 ....................................................................................................................... 8

COMES NOW Defendant Media Science Incorporated ("MSI"), a corporation of Delaware with its only business office in  Woodland Hills, CA, and moves to dismiss the Complaint (DI 1 ("Complaint")) of Plaintiff Blue Spike, LLC ("Blue Spike") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule") for failure to plead sufficiently the facts and elements of a case of direct or indirect patent infringement; moves to dismiss the Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction; moves under 28 U.S.C. §1404 to transfer the case to the Central District of California for the convenience of parties and witnesses in the interest of justice because of a Forum non Conveniens in the Eastern District of Texas.

## I.   Introduction.

Blue Spike has sued MSI for infringement of 10 patents that relate to digital watermarking using computer software.  Nine of the patents expired on July 2, 2016, the day after the law suit was filed on July 1, 2016. The tenth patent expires on December 20, 2016.

Digital watermarking is a process of hiding or covertly embedding digital information in a carrier signal carrying audio, video and/or image data.  The watermarking may be used to verify the authenticity or integrity of the carrier signal.  It is often used for tracing copyright infringements.  See Attached Oakes Declaration, paragraph 6.

MSI is one of over 100 companies that have been contemporaneously sued for patent infringement of one or more of Blue Spike's collection of patents on watermarking.  However, Blue Spike is a non-practicing entity because it does not allege in its Complaint that it sells any products or offers any services whatsoever, including any products or services covered by its collection of patents on watermarking.  Thus, Blue Spike cannot have any damages from lost profits.  *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (Fed. Cir. 1978).

MSI did not have any actual notice of the patent infringement accusation before the law suit was filed.  See Attached Oakes Declaration, paragraph 3.  Infringement damages cannot be obtained until actual notice of infringement of an identified patent by the patentee is given to the alleged infringer.  35 U.S.C. §287; *Dunlap v. Schofield*, 152 U.S. 244 (1894); *Amsted Industries Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178 (Fed Cir. 1994).  ("Actual notice requires the affirmative communication of a specific charge of infringement….It is irrelevant … whether the defendant  knew of the patent or knew of his own infringement.)  One can obtain infringement damages only during the term of the patent and cannot collect any infringement damages once a patent has expired.  35 U.S.C. §271(a).

Thus, because Blue Spike has not alleged any lost profits, the maximum damages that the patentee can collect for a proven infringement of 9 of the 10 patents under Section 284 is a reasonable royalty of one day.  The 10th patent, No. 8,225,099, expires on December 20, 2016, and if infringed could receive as its maximum damages a reasonable royalty for 173 days.

Blue Spike's Complaint contains ten counts, each count containing identical language (except for the patent claimed to be infringed).  However, each count fails to plausibly plead a claim for direct infringement because it does not sufficiently describe the patented technology, does not identify any specific one of the pled claims of the patent in the count that are said to be infringed, and does not state how the accused products allegedly practice the patented technology when the patents were in force.  All told, there are a total of 281 claims in the patents said to be infringed.

Also, the Complaint includes no facts and attaches no documents in any of the 10 Counts to substantiate the allegation that Blue Spike made any product or performed any method covered by any of the claims of the patents in suit while they were in force such that it

lost sales or profits because of any alleged activity of MSI, or in any way suffered any compensatory damages.

Allegations are made in the Complaint of inducing the infringement of others, or contributing to the infringement of others, as pled, but such allegations require that MSI knew about the infringement, and they relate to events that occurred after the filing of the Complaint. Thus such allegations are improperly alleged in the Complaint.  See *Bush Seismic Technologies, LLC v. American Gem Society,* Case NO. 2:15-cv-1809-JRG, Dkt No. 44 at 4 (E.D. Tex. April 13, 2016) (dismissing claims for infringement based on "conduct occurring as of and after the filing of the complaint" because the claims necessarily require allegations that the accused infringer knew of the patent).  Furthermore, the Complaint fails to plead any specific acts or statements that allegedly induce infringement.  Also, the Complaint alleges that the defendant's infringement of Blue Spike's exclusive rights under each of the 9 now expired patents "will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy … ." Complaint, Paragraph 16.  But Blue Spike cannot be damaged by one practicing the invention of an expired patent.  35 U.S.C. §271.

There is no personal jurisdiction over MSI.  See attached Oakes Declaration.  MSI is a Delaware corporation with its only office in Woodland Hills, CA, in the San Fernando Valley region of the city of Los Angeles, CA, which is in the location of the Central District Federal Court, Western Division.  MSI does not advertise in Texas for the sale of its products and has not sold any of its products within Texas.  There is one miniscule tie to Texas because of a single user of MSI's product which is located in Western District of Texas, but which purchased the product in Tennessee, did pay a very small fee to MSI for the use of the service.  See Oakes

Declaration, Paragraph 12.  As such there is no personal jurisdiction over MSI and Complaint should be dismissed.

Further, MSI moves to transfer venue of this action to the Central District of California where MSI has its offices and conducts some of the activities which Blue Spike alleges to infringe its patents.  Many of the customers of MSI are located in California, but none are located in the Eastern District of Texas.  See Oakes Declaration.  As such, if the personal jurisdiction is found and the Complaint is not dismissed, the suit should be transferred to the Central District of California.

## II.  Statement of the Issues.

1.  Whether Blue Spike's Complaint fails to plead specifically a claim for direct infringement because it does not describe how the technology covered by the 9 now expired patents and one patent in force until December 20, 2016, is allegedly practiced by the accused products of MSI.

2.  Whether Blue Spike's Complaint fails to plead specifically a claim for indirect infringement because:

a.  The Complaint does not plausibly plead a claim of underlying direct infringement;

b.  The Complaint fails to allege and  support acts that induce infringement; and

c.  The Complaint fails to identify any components of an accused product that lacks substantial non-infringing uses and fails to support that any accused product or component therein lacks substantial non-infringing uses.

3.  Whether there is personal jurisdiction over MSI.

4.  Whether for the convenience of the parties and witnesses, located in the Central District of California, the case should be transferred there.

## III. Statement of the Facts.

Blue Spike claims to be the owner of 10 patents involving digital watermarking.  Blue Spike is located only in Tyler, Texas, but does not allege that it does any business in the digital watermarking industry, that it sells digital watermarking products or that it performs any services involving installation and/or maintenance of watermarking products.  In fact Blue Spike does not allege that it does any business of any kind that would be adversely affected by an infringement of its cited patents if they were in force.

A patent has a term of 20 years from the filing date of the application or from an earlier filing date of an application to which a claim of benefit is made. 35 USC § 154.  A patent must be in force to be infringed, 35 U.S.C. §282(b)(1), although damages can be obtained for infringement that occurs up to six years prior to the filing of a law suit if actual notice was given to the alleged infringer at that time. 35 U.S.C. §286.  In this case the only notice given to defendant was the filing of this law suit.  Hence, plaintiff cannot obtain any damages before that date.

Blue Sky has filed its Complaint on July 1, 2016 and pled the following patents as being infringed (Complaint at pp. 1, 2):

1.  U.S. Patent 5,889,868 entitled "Optimization Methods For The Insertion, Protection, And Detection Of Digital Watermarks In Digitized Data," application filed on July 2, 1996, expired July 2, 2016;  Method claim 1 is for encoding a digital watermark in a signal that requires a quantize normalized window sample;

2.   U.S. Patent 7,770,017 entitled "Method and System for Digital Watermarking," application filed on December 26, 2007, claiming benefit of an application filed July 2, 1996, expired July 2, 2016; Claim 1 is for an article of manufacture containing computer instructions that utilize a key;

3.   U.S. Patent 7,877,609 entitled "Optimization Method For The Insertion, Protection, And Detection Of Digital Watermarks In Digital Data," application filed November 9, 2009, claiming benefit of an application filed July 2, 1996, expired July 2, 2016;  Claim 1 is for a system for digital watermark comprising a CODEC data base;

4.   U.S. Patent 7,913,087 entitled "Optimization Methods For The Insertion, Protection, And Detection Of Digital Watermarks In Digital Data," application filed November 10, 2009, claiming benefit of an application filed July 2, 1996, expired July 2, 2016; Claim 1 is for a system of detecting a digital watermark using a key and an identified area of a digital signal;

5.   U.S. Patent 7,953,981 entitled "Optimization Methods For The Insertion, Protection, And Detection Of Digital Watermarks In Digital Data," application filed August 10, 2009, claiming benefit of an application filed July 2, 1996, expired July 2, 2016; Claim 1 claims an article of manufacture having computer instructions that attach a user identified dependent hash to the digital signal;

6.   U.S. Patent 8,121,343 Entitled "Optimization Methods For The Insertion, Protection, And Detection Of Digital Watermarks In Digital Data," application filed October 10, 2010, claiming benefit of an application filed July 2, 1996, expired July 2, 2016; Method Claim 1 is for detecting a watermark by identifying signal characteristic  for embedding and using a key;

7.   U.S. Patent 8,161,386 entitled "Method and System for Digital Watermarking," application filed June 21, 2010, claiming benefit of an application filed July 2, 1996, expired July 2, 2016; Method claim 1 is for decoding digital watermarks using information as to where a digital watermark is encoded in the content signal;

8.   U.S. Patent 8,175,330 entitled "Optimization Methods For The Insertion, Protection, And Detection Of Digital Watermarks In Digital Data," application filed August 18, 2011, claiming benefit of an application filed July 2, 1996, expired July 2, 2016; Claim 1 claims an article of manufacture containing computer instructions that identifying locations within a digital signal;

9.   U.S. Patent 8,225,099 entitled "Linear Predictive Coding Implementation Of Digital Watermarks," application filed April 14, 2010, claiming benefit of an application filed December 20, 1996, which will expire December 20, 2016; Claim 1 claims an article of manufacture containing computer instructions that use linear predictive coding calculations to measure locations in a digital signal; and

10.   U.S. Patent 8,307,213 entitled "Method and System for Digital Watermarking," application filed June 21, 2010, claiming benefit of an application filed July 2, 1996, expired July 2, 2016; Claim 1 claims an article of manufacture containing computer instructions that use linear predictive coding calculations to detect a digital watermark.

The claims of all of these patents relate to the process of watermarking a digital file. There are no claims to the use of a digital file having a watermark inserted therein.

Blue Spike does not allege doing any business in the watermarking industry, and thus it cannot claim any lost profits.  *Rite-Hite Corp. v. Kelley Co,* 56 F.3rd 1538, 1548 (Fed. Cir. 1995).

7

MSI does apply and detect digital watermarks to music, but does it in a data facility located in Virginia.  See Oakes Declaration, paragraphs 6, 8 and 11. However, as disclosed in the cited patents and briefly set forth above, there are numerous different techniques of applying watermarks to a digital file, and the one used by MSI is still another technique that is different from those claimed in the cited patents.

The first notice received by MSI of the claim of infringement was when the complaint was filed on July 1, 2016.

## IV.  ARGUMENT

### A. The Complaint Should Be Dismissed Under Rule 12(b)(6) Because It Fails to Properly Plead a Claim of Infringement and thus Fails to State a Claim on Which Relief can be Granted.

Federal Rule of Civil Procedure 8(a) requires litigants to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and the complaint must" be so construed as to do substantial justice." Fed.R.Civ.P. 8(f).

On December 1, 2015, changes to the Federal Rules of Civil Procedure became effective, and one of the changes was the elimination of the Appendix of Forms and related Rule 84.  By eliminating the Forms, Form 18 for patent infringement was abrogated and a heightened standard of pleading infringement has been established.  Although the exact standard is still being established, the concurring and dissenting opinion of Judge Dyk in *McZeal v. Sprint Nextel Corp*, 501 F3d. 1354, 1355-56 (Fed. Cir. 2007) is instructive. This case was decided before the abrogation of Form 18, but Judge Dyk opined that bare bones pleading in a patent infringement case would be inadequate to provide sufficient notice to an accused infringer.  The Complaint must also allege which claims of the patent are asserted to be infringed and which features of the accused device are alleged to infringe those claims.  He

opined that it would be necessary to state more than that the product embodies the patented

invention. The complaint should call out which features infringe.  See *Bell Atlantic Corp. v.*

*Two*m*bly*, 550 U.S. 544 (2007).

Currently, the complaint alleges identical language in each of the ten counts that MSI

infringes directly, contributorily or by inducement.  Count 1 states in part:

> Defendant has been and now is indirectly infringing by way of inducing
> infringement by others and/or contributing to the infringement by others
> of the '868 patent in the State of Texas, in this judicial district, and
> elsewhere in the United States, by among other things, making using,
> importing, offering for sale, and 'or selling without license or authority,
> products for use in systems that fall within the scope of one or more
> claims of the'868 Patent.  Such products include, without limitation one
> or more of the Accused Products.  Such Products have no substantial non-
> infringing use and are for use in systems that infringe the'868 Patent.
> By making, using, importing, offering uses and are for use in systems
> that infringe the-868 Patent.  By making, using, imparting offering
> for sale, and/or selling such products.  Defendant injured Blue Spike
> and is thus liable to Blue Spike for infringement of the '868 Patent
> under 35 U.S.C. §271.  Those whom Defendant induces to infringe
> and/or to whose infringement Defendant contributes are the end users
> of the Accused  Products.  Defendant had knowledge of the'868 Patent
> at least as early as the service of this complaint and is thus liable for
> infringement of one  or more claims of the'868 Patent by actively
> inducing infringement and/or is liable as contributory infringer
> of one or more claims of the'868 Patent under 35 U.S.C. §271.

> Count 1 further accuses MSI of willful infringement as follows:

> On information and belief, the infringement of the Patent
> in Suit by Defendant has been willful and continues to be
> willful.  Defendant had knowledge of the Patent-in-suit,
> including but not limited to at least one or more of the
> following:
> > a.       Defendant's due diligence in a freedom to operate report.

All of the other nine counts are identical, except for the patent number. The Complaint

does not identify which one of the 237 claims are infringed, it does not identify those features of

the Accused Device that are alleged to infringe.  Clearly, MSI was not served with a Complaint

that contained the specificity needed to provide sufficient notice, and is left guessing as to what is at issue.  The Supreme Court has held that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp v. Twombly*, 127 S. Ct. 1955, 1964.

In assessing a complaint for facial plausibility, only well-pleaded factual allegations are taken as true, but "threadbare recitals of the elements of a cause of  action" and "mere conclusory statements" as in the Complaint are "not entitled to the assumption of truth." *Ashcroft v. Iqbul*, 556 U.S. 662 (2009).  After obtaining only well-pled facts, the Court must decide whether these allegations support a claim that is plausible on its face.  "A claim has facial plausibility when the pleaded factual content allows the court to draw there a reasonable inference that the defendant is liable for the misconduct alleged."  If the court's conclusion that the liability is only possible, but not probable, the complaint is insufficient to put a defendant on fair notice of the claim.  *Ashcroft v. Iqbul*, 129 S.Ct. 1937, 1949-1950.

### 1.   Complaint Fails to State a Claim for Direct Infringement

"To state a claim for direct infringement, the complaint must explicitly plead facts to plausibly support the assertion that a defendant plausibly "without authority makes, uses, offers to sell, OR sells any patented invention during the term of the patent."  *Ruby Sands LLC v. Am. Nat'l Bank of Tex,* No. 2:15-cv-1955-JRG, 2016 U.S. Dist. LEXUS 83897 at 7 (E.D. Tex. June 28, 2016).  In the context of software patents (such as the watermarking software in this case) this Court has held that "cases involving more nebulous, less tangible inventions such as software methods may require  a higher degree of specificity to  provide proper notice to the defendant."  *Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of N. Am. Inc.*, no. 6:11-cv-34 LED-JDL, 2011 U.S. Dist. LEXUS 155952 at 11 (E.D. Tex. Sep. 29, 2011).

The Complaint fails to plead specific facts that allege direct infringement.  Firstly, it does not identify any claim that is infringed.  Secondly, it does not identify the accused product features on which a claim would read.  The Complaint merely broadly identifies the Accused Product as MSI's StudioCDN, Complaint Paragraph 9, and claims that it encodes and/or decodes watermarks contained within video content.  But the Complaint does not state what features or elements of StudioCDN are described in the claims.  Oakes Declaration, Paragraphs 5 and 6.  Instead, the Complaint includes conclusory allegations, such as:

> "Defendant has infringed and continues to infringe on one or more claims of the '868 patent-directly, contributorily or by inducement-by making using, offering for sale, or selling product and devices that embody the patented invention, including without limitation one or more of the Accused Products …."

Complaint, paragraph 14.

No facts alleged, only conclusions.  See also Complaint paragraphs 21, 28, 35, 42, 56, 63, 70, and 77, respectively for Counts 2 – 10.

Consequently, the Complaint includes no facts to support its conclusionary statements that MSI's products directly infringe any particular claim.

The Complaint's recitation of elements of indirect infringement, including inducement of infringement under 35 U.S.C. §271(b) and contributory infringement under 35 U.S.C. §271(c), similarly lacks factual detail and does not state any specific acts that so infringes.

Finally, the allegation in the Complaint of willful infringement, such as in Complaint Paragraph 17 for Count 1, is also factually insufficient.  The Complaint merely states that MSI had knowledge of the patent in suit as a result of some so-called due diligence in a freedom to operate report.  But MSI had been performing watermarking services for years before it learned

of Blue Spike's infringement claim, and never did or had to do a freedom to operate report.  See

Oakes Declaration Paragraph 3.  The Complaint does not state any facts that show MSI knew of

the Blue Spike's patents and does not state any facts that MSI continued to operate in spite of

such patents so as to be a willful infringement.

## 2.   The Complaint Fails to State a Plausible Claim for Indirect Infringement.

Blue Spike's Complaint is defective in this case for the same reasons:  it fails to

plausibly plead a claim of direct infringement and its indirect infringement and willful

infringement claims are improperly based solely on MSI's activities that post-date the filing of

the Complaint and for 9 of the 10 patents post-date the term of the patents.

To plead a claim for active inducement of a patent, a complaint must plead facts

sufficient to plausibly support a direct infringement by another, and that the defendant

specifically intended another to infringe, and knew that those acts constituted direct

infringement, and that the inducing acts were performed with knowledge of the patent.  *In re

Bill of Lading*, 681 F.3d at 1339 (Fed. Cir 2012).

Contributory infringement under 35 U.S.C. §271 (c) requires that a party sell a

component of a patented combination in which the component is a material part of the

combination that is specially adapted for it, but is not a staple article itself and does not have a

substantial non-infringing use.  Although there are many factual components of contributory

infringement, the Complaint does not mention one of them.  Clearly, the charge of contributory

infringement is not supported by any factual recitation.

In addition, the charges of inducement to infringe and contributory infringement require that the defendant knew of the patents, but MSI only learned of the patents after the suit was filed.  See Oakes Declaration, Paragraph 3.  *Commil USA, LLC. v. Cisco Sys.*, 135 S.Ct. 1920. 1926 (2015).  Because there are no plausibly pled facts about the knowledge of MSI about the patents before the filing of the law suit, the charges of inducement to infringe and contributory infringement cannot stand and the Complaint should be dismissed with respect to them.  *Blue Spike LLC v. Texas Instruments, Inc.*, Case No. 6:12-cv-499, Dkt. No. 1646 (E.D. Tex. July 22, 2014).

### a.   The Indirect Infringement Claims Fail Because the Complaint Fails to Plead a Plausible Claim of Direct Infringement

Blue Spike has failed to plausibly plead direct infringement, and therefore its claims of indirect infringement must fail as well.  *In re Bill of Lading*, 681 F.3d at 1333 ("There can be no inducement or contributory infringement without an underlying act of direct infringement"). *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111 (2014).  Thus the claims for inducement of infringement and contributory infringement should be dismissed.

### b.   The Indirect Infringement Claims Should be Dismissed Because they are Based Solely On Post Filing Activities

The Complaint states in part, for example in Paragraph 15 for Count 1 (and subsequent identical paragraphs for the other counts):

> Those whom Defendant induces to infringe and or to whose infringement Defendant contributes are the end users of the Accused Products.  Defendant had knowledge of the '868 Patent at least as early as the service of this Complaint and is thus liable for infringement of one or more claims of the '868 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the'868 Patent under 35 U.S.C. §271.

Thus, the Complaint acknowledges that the indirect infringement claims are for activity subsequent to the filing of the law suit.  This is a fatal flaw.  Inducement of infringement cannot be based solely on conduct occurring as of and after the filing of the complaint because such claims require factual allegations that the Defendant knew of the patent.  *Bush Seismic Technologies, LLC v. American Gem Society*, Case No. 2:1-cv-1809-JRG. Dkt No. 44 at 4 (E.D. Tex. April 13, 2016).  Similarly, contributory infringement requires that an accused defendant knew of the patent.  *Commil*, *supra* at 135 S. Ct. at 1926.  There are no plausible factual allegation in any of the 10 counts that MSI knew of the patents before the law suit was filed. Although the Complaint attempts to show such knowledge by the allegation that MSI did a due diligence search, such search did not need to be done and was in fact not done.  See Oakes Declaration Paragraph 3.  Allegations for indirect infringement requires knowledge of the patent or willful blindness as to the existence of a patent.  *Global-Tech Appliances, Inc. v. SEB SA*, 131 S.Ct.2060, 2011 (S. Ct. 2011).

### c. The Active Inducement Claims and the Contributory Infringement Claims Should Be Dismissed Because There Are No Facts Pled.

Claims of active inducement and Contributory Infringement must be supported in the Complaint with sufficiently detailed facts.  *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 6:14-CV-752-JRG-JDL, 2015 U.S. Dist. LEXIS 107354 at 13 (E. D. Tex. July 15, 2015).  There are no facts in the Complaint regarding either Active Inducement or Contributory Infringement. No functionality of the Accused Product, or how customers are directed to use the Accused Products are in the complaint.  With respect to the Contributory Infringement charge, the Complaint provides no identification of the component that is a material part of the invention, and no facts that the Accused Product does not have a substantial non-infringing use.  *Cellular*

*Communs Equip. LLC v. HTC Corp.*, No. 6-13-ev-507, 2015 U.S. Dist. LEXIS 179461, at 28

E.D. Tex. Mar. 27, 2015.

### 3.   Conclusion

Because the Complaint is insufficient in details so that Defendant has no plausible

knowledge of the infringement, and the Complaint does not state a cause of action and should

be dismissed under Rule 12(b)(6).

### B.    There is no Personal Jurisdiction over the Defendant

The Court does not have personal jurisdiction over the Defendant, MSI.  There is no

general personal jurisdiction, and there is no specific personal jurisdiction.  Accordingly, MSI

moves to dismiss the Complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure

because the Court does not have personal jurisdiction over the Defendant MSI.

Personal Jurisdiction is a constitutional requirement of due process.  If a person is

physically present within the boundaries of the state or has an office or residence within the

state, the court will have personal jurisdiction over that person. *Pennoyer v. Neff*, 95 U.S. 714

(1877).

On the other hand, if a person has certain minimal contacts with the jurisdiction, then a

court would still have personal jurisdiction over the person.  *International Shoe Co. v*

*Washington*, 326 U.S. 310 (1945).

### 1.  No General Personal Jurisdiction

The Defendant is a corporation of Delaware.  A court has personal jurisdiction if the

Defendant can be found in the District, which for a corporation is its state of incorporation or

where it has an established business.  However, according to the Oakes Declaration, the Defendant is not incorporated in Texas nor does it have either a regular place of business in Texas or any type of place of business in Texas.  The only place of business of Defendant is in the State of California.  Oakes Declaration Paragraphs 2 and 10.

Defendant does not own any property in Texas and does not use any office or facility in Texas.  Defendant does not have an address or a communication facility in Texas.  Defendant does not have any employees or agents working in Texas.  See Oakes Declaration Paragraph 10.  Thus Defendant has no presence in Texas, and that cannot be a basis for personal jurisdiction.  *Burnam v. Superior Court*, 495 U.S. 604 (1990).

### 2. **No Specific Jurisdiction**

#### a. **No Acts of Infringement in Texas**

Defendant has not committed any acts of patent infringement in Texas.  All of the watermarking activities of MSI are done in Virginia.  See Oakes Declaration Paragraphs 6, 8, 9, 12 and 13.  Therefore the Long-Arm statute of Texas cannot be used to obtained personal jurisdiction over Defendant because it committed no tort or patent infringement in Texas.

#### b. **No Business Activity in Texas**

Defendant does not have any continuous and systematic contacts in or with Texas.  It does not sell any products or services in Texas (except that one watermarking license was sold in Tennessee to a resident of Corpus Christi.)  It does not purchase any products or services in Texas, and it does not warehouse any products in Texas.  See Oakes Declaration, paragraphs 9 and 10.  The customers of watermarking services provided by Defendant are located outside of Texas in Los Angeles, Nashville, and New York.  See Oakes Declaration, paragraph 9.

#### c. **There is No Stream of Commerce that Flows through Texas**.

MSI does no business in Texas.  The watermarking is done in Virginia.  There are no purposefully directed connections at Texas.  No goods are purposely injected into a stream of commerce such that they would pass into or through the state of Texas.  See Oakes Declaration paragraph 11.  *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286 (1980).  Where as here there are no personal contacts with Texas, it would be unfair to impose personal jurisdiction under these circumstances.  *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987).

> d. **Conclusion**

Because it would be fundamentally unfair under the specific facts of this case, personal jurisdiction should not be found, and the case should be dismissed under Rule 12(b)(2).

### C.   The Case Should Be Transferred Under 28 U.S.C. §1404

Should the Court hold that there is personal jurisdiction, then Defendant moves that the case be transferred to the Central District of California where the defendant resides and many of the customers and witnesses can be found for the convenience of the parties and witnesses, in the interest of Justice.  28 U.S.C. §1404.

> 1.  Private factors:

Witnesses and customers of MSI who use the watermarking function are located in the Central District of California.  The physical evidence, such as documents and business records, are located there and they use the watermarked digital files there.  If there is any infringement, the claim would have arose in the Central District of California because that is where the watermarked digital files are used and sold.

> 2.  Public factors:

17

Enforcing a judgment would be possible in the Central District of California, but it is not possible in the Eastern District of Texas where the Defendant is not located.  The Central District of California has both personal jurisdiction over the Defendant and venue.

**V.  Conclusion**

For the foregoing reasons, MSI respectfully requests that the Court dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); or in the alternative to transfer the case to the Central District of California under 28 U.S.C. §1404.

Dated 31st day of October, 2016                    Respectfully Submitted,


                                                   /s/ Harold L. Novick            .
                                                   Harold L. Novick
                                                   DC Bar No. 181248

                                                   **NOVICK, KIM & LEE, PLLC**
                                                   3251 Old Lee Highway, Suite 404
                                                   Fairfax, VA 22030
                                                   Tel. No. 703-745-5495
                                                   Fax. (703) 563-9748
                                                   Email:  hnovick@nkllaw.com
                                                   LEAD ATTORNEY
                                                   ATTORNEY TO BE NOTICED

                                                   Jae Youn Kim
                                                   Email: skim@nkllaw.com

                                                   Guy N. Harrison
                                                   Attorney at Law
                                                   P.O. Box 2845
                                                   Longview, TX 75606
                                                   Tel. (903) 758-7361
                                                   Fax. (903) 753-9557
                                                   Email: guy@gnhlaw.com
                                                   ATTORNEY TO BE NOTICED

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 31, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

<u>/s/ Guy N. Harrison</u>

Guy N. Harrison